IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bankers Life and Casualty Company,<br><br>Plaintiff,<br><br>vs.<br><br>Nadine Kaakouche, et al.,<br><br>Defendants. | No. CV-21-01038-PHX-SPL<br><br>**ORDER** |

Before the Court is Plaintiff Bankers Life and Casualty Company's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2).

Plaintiff is an insurance company. (Doc. 1 at ¶ 1). Defendants Nadine Kaakouche, Daniel Johnson, Darshay Poage, and Leila Scott are former employees of Plaintiff. (Doc. 1 at ¶ 2). Plaintiff alleges that Defendants, having left Plaintiff's employ, have since joined direct competitors Key Retirement Solutions ("KRS") and American Senior Benefits ("ABS"). (Doc. 1 at ¶ 2). Plaintiff further alleges that Defendants have converted policyholder information from their employment with Plaintiff and used it to solicit and steal policyholders. (Doc. 1 at ¶ 2). Plaintiff now seeks a TRO (Doc. 2).

A plaintiff seeking a TRO must also satisfy the requirements of Federal Rule 65(b) which provides in relevant part:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or

>damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Here, Plaintiff's counsel has not indicated any efforts made to give notice to Defendants of this TRO, nor does Plaintiff provide any reasons why notice should not be required. Accordingly, Plaintiff fails to meet the requirements of Rule 65. The Court will therefore deny Plaintiff's request for a TRO and will rule on the request for a preliminary injunction in due course.

The Court is also in receipt of Plaintiff's Motion for Expedited Discovery (Doc. 3) in which Plaintiff seeks expedited discovery to obtain information directly related to its request for a preliminary injunction. However, given that Plaintiff also seeks immediate resolution of their request for injunctive relief, it is unclear the timeframe in which they are looking to resolve the motions. The Court will therefore hold a status conference to set briefing schedules and discuss timeframes for resolving both the Motion for Preliminary Injunction (Doc. 2) and the Motion for Expedited Discovery (Doc. 3).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2) is **denied in part** to the extent that it requests issuance of a Temporary Restraining Order.

**IT IS FURTHER ORDERED** that, no later than **June 17, 2021 at 5:00 p.m.**, Plaintiff must provide Defendants with a copy of the following: (1) the Complaint; (2) the Motion for Preliminary Injunction; and (3) this Order. Plaintiff shall further file with the Court a notice indicating when and how notice was provided.

///
///
///
///
///
///

**IT IS FURTHER ORDERED** setting a scheduling conference before the Honorable Judge Steven P. Logan, United States District Judge, in Courtroom 503, Sandra Day O'Connor United States Courthouse, 401 West Washington Street, Phoenix, Arizona 85003 on **June 21, 2021 at 2:30 p.m.** to address scheduling for the pending motions in this case.

Dated this 16th day of June, 2021.

Honorable Steven P. Logan
United States District Judge